IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:18-CR-00051 |
| | ) | |
| Plaintiff | ) | Honorable Benita Y. Pearson |
| | ) | |
| vs. | ) | |
| | ) | |
| Eric Salas, | ) | SENTENCING MEMORANDUM OF |
| | | DEFENDANT ERIC SALAS |
| Defendant | ) | |

MEMORANDUM

Defendant Eric Salas now submits this sentencing memorandum for purposes of his sentencing in this matter.

A.  Offense

Defendant Eric Salas pled Guilty to both Counts 1 and 2 of the indictment in this matter. Defendant entered his Guilty plea under a FRCP Rule 11(c)(1)(B) plea agreement with the government. Count 1 charges Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of Title 21 USC Sec. 841(a)(1), and Sec. 846. Count 2 charges Possession with Intent to Distriibute Cocaine in violation of 21 USC Sec. 841(a)(1). It is alleged in Count 1 and 2 that Defendant Salas conspired to distribute or possessed with intent to distribute approximately 18 kilograms of a substance containing a detectable amount of cocaine. Under the federal sentencing guidelines, trafficking or distribution of between 15 kilograms and 50 kilograms of Cocaine places an offender at a base offense level of 32. (See U.S.S.G. Sec. 2D1.1(c)(4).

B.   Criminal History

Defendant Eric Salas has no prior criminal convictions at all. His criminal history category is, therefore, Category I. (See Presentence Investigative Report, page 6, par. 41-42. Doc. # 38)

C.   Conduct

Defendant pled to Conspiracy to Distribute and Possessing with Intent to Distribute Cocaine in violation of Title 21 Section 841 (a)(1)(b)(1)(A) and Title 21 Section 846. Under USSG 1B1.3(a)(1)(B), the offense level is to take, among other factors, the following in to consideration:

> (A) all acts and omissions committed, aided, abetted, counseled commanded , induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether of rnot charged as a conspiracy), all acts and omissions that were –
>
> > (i) within the scope of the jointly undertaken criminal activity,
> > (ii) in furtherance of that criminal activity, and
> > (iii) reasonably foreseeable in connection with that criminal activity;
>
> that occurred during the commission of the offense of conviction, in parparation for that offense, or in the course of attempting to avoid detction or responsibility for that offense;
> . . .

The defendant's conduct, in summary, includes that in January, 2018 he helped Jesus Ramirez and others arrange transportation of cocaine from California to Ohio. In particular, Defendant Salas participated in phone conversations and messages setting up a time and place for the sale of cocaine at a warehouse in Cleveland to what turned out to be a government informant. (Presentence Investigation Report, page 4. Doc. #38) Defendant Salas was video recorded assisting in moving packages of cocaine from a vehicle driven to the warehouse. (Presentence

D.      Sentencing Guideline Factors.

As mentioned above, under the federal sentencing guidelines, trafficking or distribution of between 15 kilograms and 50 kilograms of Cocaine places an offender at a base offense level of 32. (See U.S.S.G. Sec. 2D1.1(c)(4). Defendant Salas is, therefore, at a level 32 under the guidelines as charged.

Under the plea agreement, the government is agreeing to a three level reduction for acceptance of responsibility by Defendant Salas, under U.S.S.G. 3E1.1(a) and (b). (See plea agreement, par. 17. Doc. # 27)

Further, it is contemplated by the parties that, should Defendant meet the requirements of U.S.S.G. Sec. 5C1.2, the court may consider imposing a sentence below the minimum sentence otherwise required by statute or guideline. (See plea agreement, par. 4. Doc. # 27) U.S.S.G. Sec 5C1.2 provides in relevant part:

> (a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–18 U.S.C. § 3553(f)(5) set forth below:
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in

the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
(b) In the case of a defendant (1) who meets the criteria set forth in subsection (a); and (2) for whom the statutorily required minimum sentence is at least five years, the offense level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17.

Defendant Salas does not have more than one criminal history points (he has zero); he did not use or threaten the use of violence. The underlying offense did not result in serious injury or a person's death. Salas was not an organizer or leader of the criminal operation and the crime indicted was not part of an ongoing enterprise. To the contrary, Salas had little or no history with the others involved in this offense, and has no prior criminal involvement himself. Finally, Salas has arranged to meet with the government prior to sentencing to provide to the Government all information and evidence the he has concerning the offense, or that were part of the same course of conduct or of a common scheme or plan[1].

Defendant Salas intends to request "safety valve" consideration by the court under U.S.S.G. 5C1.2 in regard to the sentence imposed.

Defendant respectfully requests that this Court, to give due consideration to all of the factors set forth in 18 U.S.C. §3553(a) and fashion a sentence which satisfies the goal of sentencing guidelines of a sentence which is sufficient, but not greater than necessary.

                                                      Respectfully submitted,

---

[1] This meeting with the U.S. Attorney is set for Monday, November 5, 2018.

/s/*Michael P. Maloney*  
Michael P. Maloney (0038661)  
24441 Detroit Road, Suite 200  
Westlake, Ohio 44145  
(440) 716-8562   (440) 716-8563  fax  
mpmalo@hotmail.com  

CERTIFICATE OF SERVICE

    A copy of the foregoing Sentencing Memorandum was filed electronically on the 2th day of November, 2018, and will be sent to all parties by operation of the Court's electronic filing system.

/s/*Michael P. Maloney*  
Michael P. Maloney  
Attorney for Defendant